UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION; and ROUNDPOINT MORTGAGE SERVICING CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>RAINBOW BEND HOMEOWNERS ASSOCIATION; DANIEL HALL; and DIANA HALL,<br><br>Defendants. | Case No. 3:17-cv-00398-LRH-VPC<br><br>ORDER |

This matter centers on a nonjudicial foreclosure sale. The foreclosure sale was conducted under Nevada Revised Statute ("N.R.S.") § 116.3116 *et seq.* in 2013. *See* ECF Nos. 10, 16, 28. After the foreclosure sale, the Ninth Circuit struck down the notice scheme employed by N.R.S. § 116.3116 *et seq.* as facially unconstitutional. *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017). As a result, plaintiffs Federal National Mortgage Association ("Fannie Mae") and Roundpoint Mortgage Servicing Corporation ("Roundpoint") brought this action, seeking declaratory relief or an order quieting title on the at-issue property. ECF No. 1.

Now, three motions come before the court. First, defendant Rainbow Bend Homeowners' Association (the "HOA") moves to dismiss or, alternatively, for summary judgment on Fannie Mae and Roundpoint's complaint. ECF No. 10. Second, defendants Daniel Hall and Diana Hall move to dismiss or, alternatively, for summary judgment on the complaint. ECF No. 16. And

1

third, Fannie Mae and Roundpoint oppose both motions and counter-move for summary judgment. ECF No. 28. The defendants filed a joint reply. ECF No. 33. The court resolves the three pending motions by turning to *Bourne Valley*—a Ninth Circuit opinion that binds the court in its decision. Under the guidance of *Bourne Valley*, the court denies the HOA's motion, denies the Hall's motion, and grants Fannie Mae and Roundpoint's countermotion.

**I.    BACKGROUND**

The court takes the following facts from the HOA's motion for summary judgment unless otherwise noted.[1]

In 2003, a pair of trustees (James Loftis and Jean Loftis) obtained a loan from Morgan Stanley Dean Witter Credit Corporation to purchase property at 53 Avenue Bleu De Clair, Sparks, Nevada 89434 (Parcel Number 003-531-23).[2] ECF No. 10 at 6. This transaction gave rise to the first deed of trust on the property, which was recorded in Storey County, Nevada. ECF No. 10 at 8; ECF No. 1, Ex. 1.[3] After multiple assignments, Roundpoint came to hold the beneficial interests under the deed of trust. ECF No. 10 at 9; ECF No. 1, Exs. 1–4.

The purchased property sits in a community governed by the HOA and is subject to HOA assessments. ECF No. 10 at 7. In 2012, the trustees failed to pay the required assessments. ECF No. 10 at 12. The HOA therefore recorded a Notice of Delinquent Assessment Lien in March 2012. *Id.*; ECF No. 1, Ex. 5. Approximately five months later, the HOA recorded a Notice of Default and Election to Sell. ECF No. 10 at 12; ECF No. 1, Ex. 6. The delinquent assessments remained unpaid, prompting the HOA to record a Notice of Foreclosure Sale in August 2013. ECF No. 10 at 13; ECF No. 1, Ex. 7. At the nonjudicial foreclosure sale, which was held in

---

[1] The Hall's motion for summary judgment contains a nearly identical fact section. *Compare* ECF No. 10 at 3–13 *with* ECF No. 16 at 3–13. The court therefore omits citations to the Hall's motion for the sake of brevity.

[2] The at-issue property has a Sparks, Nevada address but is located in Storey County. Sparks addresses are most often located in Washoe County.

[3] The court takes judicial notice of the publicly-recorded documents attached to the complaint and cited in the parties' motions. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n. 1 (9th Cir. 2004) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)) (stating matters of public record may be judicially noticed unless the matter is a fact in reasonable dispute).

2

September 2013, the HOA purchased the property. ECF No. 10 at 13; ECF No. 1, Ex. 8. The Halls then purchased the property in 2014. ECF No. 10 at 13, ECF No. 1, Ex. 9.

Fannie Mae and Roundpoint brought this action after the foreclosure sale, alleging five causes of action: (1) declaratory relief under 12 U.S.C. § 4617(j)(3); (2) quiet title under 12 U.S.C. § 4617(j)(3); (3) declaratory relief under the Fifth and Fourteenth Amendment of the U.S. Constitution; (4) quiet title under the Fifth and Fourteenth Amendment of the U.S. Constitution; and (5) permanent and preliminary injunction. ECF No. 1. The HOA and the Halls now move to dismiss or, alternatively, for summary judgment. ECF Nos. 10, 16. Fannie Mae and Roundpoint counter-move for summary judgment. ECF No. 28. The HOA and the Halls filed a joint reply. ECF No. 33.

## II.  LEGAL STANDARD

### A. Motion to Dismiss

Federal Rule of Civil Procedure ("Rule") 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss a complaint that fails to meet this standard under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). Rule 12(b)(6) permits dismissal on the basis of either (1) the "lack of a cognizable legal theory," or (2) "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering whether the complaint is sufficient to state a claim, the court accepts as true all factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, a court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotations omitted). While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

3

**B. Summary Judgment**

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). On those issues for which it bears the burden of proof, the moving party must make a showing that is "sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986); *see also Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1141 (C.D. Cal. 2001).

To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact. *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000). A "material fact" is a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See v. Durang*, 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Liberty Lobby*, 477 U.S. at 248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *See Id.* at 252.

/ / /

## III. DISCUSSION

In the dueling motions, the parties' debate the applicability of 12 U.S.C. § 4617(j)(3), the constitutionality of 12 U.S.C. § 4617(j)(3); and the applicability of *Bourne Valley*. But the court need only address the applicability of *Bourne Valley* to decide the instant motions. The court therefore considers the effect of *Bourne Valley* first and resolves the quiet-title claim second. The court does not reach the parties' remaining arguments.

### A. *Bourne Valley* binds this court's decision.

In *Bourne Valley*, the Ninth Circuit held the opt-in-notice scheme of N.R.S. § 116.3116 *et seq.* facially violated the plaintiffs' due process rights under the Fourteenth Amendment of the U.S. Constitution. 832 F.3d 1156. The Ninth Circuit declared the opt-in-notice provisions facially unconstitutional because the provisions permitted a homeowners' association to foreclose on a property without giving notice to a mortgage lender—"[e]ven though such foreclosure forever extinguished the mortgage lenders' property rights[.]" *Id.* at 1158.

Here, the foreclosure sale was conducted under N.R.S. § 116.3116 *et seq.* prior to the Ninth Circuit finding the notice scheme facially unconstitutional. Nevertheless, the HOA argues that *Bourne Valley* does not require the court to find for Fannie Mae and Roundpoint for four reasons. First, the HOA argues a facial challenge to N.R.S. § 116 *et seq.* would not succeed on the facts in this matter. ECF No. 10 at 28. Second, the HOA asserts that the court should follow the Nevada Supreme Court's decisions in *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408 (Nev. 2014)[4] and *Satico Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Div. of Wells Fargo Bank, N.A.*, 388 P.3d 970 (Nev. 2017), arguing the interpretation of a state statute is at issue.[5] ECF No. 10 at 28–29; ECF No. 33 at 3–5. Third, the HOA argues the Ninth Circuit's decision was erroneous. ECF No. 10 at 29–30. And finally, the HOA contends that it could not

---

[4] In *SFR Investments Pool 1*, the Nevada Supreme Court held N.R.S. § 116(2) gives an HOA a superpriority lien, allowing an HOA to conduct a proper foreclosure that extinguishes a first deed of trust.

[5] In *Saticoy Bay*, the Nevada Supreme Court determined N.R.S. § 116 *et seq.* does not implicate due process concerns because nonjudicial foreclosure sales do not involve state action. 388 P.3d at 974. The Nevada Supreme Court acknowledge the *Bourne Valley* decision but "decline[d] to follow [the Ninth Circuit's] holding" after finding N.R.S. § 116 *et seq.* does not entail state action. *Id.* at n. 5.

5

have given notice to Roundpoint regardless of the N.R.S. § 116 *et seq.* notice scheme because an earlier assignment of the deed of trust was incorrectly filed in another county. ECF No. 10 at 30. The Halls join the HOA's argument that *Bourne Valley* does not control the instant decision in the parties' reply. ECF No. 33.

Despite the HOA and the Hall's arguments, the Ninth Circuit decided a federal issue in *Bourne Valley*, making *Bourne Valley* binding upon the decision of this court. *See Watson v. Estelle*, 886 F.2d 1093, 1095 (9th Cir. 1989) (stating a decision on an issue regarding the federal constitution by a state's highest court does not bind federal courts). The Ninth Circuit found the opt-in-notice provisions facially violated the mortgage lenders' due process rights under the U.S. Constitution. *Id.* at 1160. The Ninth Circuit therefore decided an issue regarding the federal constitution: whether due process rights under the federal constitution were violated. Because the decision rests on a federal issue rather than an interpretation of state law, *Bourne Valley* binds this court in its decision. The court rejects the HOA and the Hall's second and third arguments accordingly.

The court also rejects the HOA and the Hall's remaining arguments that rely on the factual differences between this matter and *Bourne Valley*. "The factual particularities surrounding the foreclosure notices in this case—which would be of paramount importance in an as-applied challenge—cannot save the facially unconstitutional statutory provisions [of N.R.S. § 116 *et seq.*]" *Cohen v. Bank of Am., N.A.*, No. 215-cv-01393-GMN-CWH, 2017 WL 4185464, at *3 (D. Nev. Sept. 21, 2017). Because the opt-in-notice provisions were struck down as facially unconstitutional in *Bourne Valley*, the HOA and the Hall's first and fourth arguments also fail.

**B. The court grants summary judgment in favor of Fannie Mae and Roundpoint's quiet-title claim brought under the U.S. Constitution.**

The court now turns to Fannie Mae and Roundpoint's fourth claim: the quiet-title claim brought under the U.S. Constitution. In Nevada, courts possess "the inherent equitable power to consider quiet title actions[.]" *Shadow Wood HOA v. N.Y. Cmty. Bancorp.*, 366 P.3d 1105, 1110 (Nev. 2016) (internal citations omitted). "An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the

1 action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. Under *Bourne Valley*, the opt-in-notice provisions of N.R.S. § 116 *et seq.* are facially unconstitutional. The foreclosure sale here occurred under the same provisions. Accordingly, because the foreclosure sale occurred under facially unconstitutional provisions, the foreclosure sale did not extinguish the first deed of trust on the property that existed at the time of the sale. The court therefore grants Fannie Mae and Roundpoint's motion for summary judgment as to claim four and holds that the first deed of trust continues to encumber the property. But the court does not disturb the validity of the foreclosure sale itself.

Based on the above, the court dismisses the claims arising under 12 U.S.C. § 4617(j)(3) and the claim for declaratory relief under the Fifth and Fourteenth Amendment of the U.S. Constitution as moot. The court also dismisses the claim for permanent and preliminary injunction as an improper cause of action. *See In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F.Supp. 2d 1091, 1130 (D. Nev. 2007).

**IV. CONCLUSION**

IT IS THEREFORE ORDERED that plaintiffs Federal National Mortgage Association and Roundpoint Mortgage Servicing Corporation's counter-motion for summary judgment (ECF No. 28) is **GRANTED in part and DENIED in part.** It is granted with respect to plaintiffs' quiet title-claim brought under the Fifth and Fourteenth Amendment of the U.S. Constitution (claim four). It is denied with respect to the remaining claims.

IT IS FURTHER ORDERED that defendant Rainbow Bend Homeowners' Association's motion for summary judgment (ECF No. 10) is **DENIED.**

IT IS FURTHER ORDERED that defendants Daniel Hall and Diana Hall's motion for summary judgment (ECF No. 16) is **DENIED.**

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS FURTHER ORDERED that the remaining claims in this matter are **DISMISSED**. The court instructs the clerk of the court to close this matter accordingly.

IT IS SO ORDERED.

DATED this 7th day of November, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE